[Cite as *State v. Shipley*, 2015-Ohio-4258.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff - Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DUSTIN D. SHIPLEY | : | Case No. 15-CA-00014 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Perry County Court
                                of Common Pleas, Case No. 09-CR-
                                0046



JUDGMENT:                       Affirmed



DATE OF JUDGMENT:               October 13, 2015




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

JOSEPH A. FLAUTT                        BRIAN W. BENBOW
Prosecuting Attorney                    Benbow Law Offices
111 North High Street                   605 Market Street
New Lexington, Ohio 43764               Zanesville, Ohio 43701

*Baldwin, J.*

{¶1} Defendant-appellant Dustin Shipley appeals from the June 11, 2015 and April 24, 2015 Judgment Entries of the Perry County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On July 29, 2009, the Perry County Grand Jury indicted appellant on one count of sexual battery in violation of R.C. 2907.03(A)(3), a felony of the third degree. The indictment alleged that the offense occurred on or about February 11, 2009. At his arraignment on August 14, 2009, appellant entered a plea of not guilty to the charge.

{¶3} Thereafter, on December 28, 2009, appellant withdrew his former not guilty plea and entered a plea of guilty to sexual imposition in violation of R.C. 2907.06(A)(3), a misdemeanor of the third degree. Pursuant to a Judgment Entry filed on February 22, 2010, appellant was placed on community control for a period of two years. Appellant also was ordered to serve ninety (90) days in jail, with thirty (30) of those days suspended. The trial court ordered that the sentence be served by thirty (30) days of actual incarceration and thirty (30) days of electronically monitored home arrest. An Entry outlining appellant's duties to register as a Tier 1 sex offender for 15 years had been filed on February 19, 2010.

{¶4} Subsequently, on April 1, 2015, appellant filed a Motion to Void the February 22, 2010 Sentencing Entry and to Conduct a Re-Sentencing Hearing. Appellant, in his motion, argued that the trial court had failed to make the required findings on the record to classify him as a sexually oriented registrant and that, therefore, the trial court had issued a void sentence "which must be vacated for re-

sentencing." Appellee filed a response to such motion on April 22, 2015. The trial court, as memorialized in an Entry filed on April 24, 2015, denied appellant's motion. The trial court, in its Entry stated, in relevant part, as follows: "The Defendant argues that he was convicted of a presumptively registration-exempt offense. However, the statute regarding presumptively registration-exempt offenses was repealed January 1, 2008, which was prior to the Defendant's offense on February 1, 2009."

{¶5} In response to the trial court's April 24, 2015 Entry, appellant, on June 8, 2015, filed a Motion to Void the April 24, 2015 Entry and to Conduct a Re-Sentencing Hearing. Appellant, in his motion, argued that he disagreed with the trial court that the statute (CLARIFY) was repealed and his sentence was void. The trial court, via a Judgment Entry filed on June 11, 2015, stated, in relevant part, as follows:

{¶6} The Court did not hold on April 24, 2015 that Ohio Revised Code §2950.01(P)(2) was repealed on January 1, 2008, which removed the registration exempt status of Ohio Revised Code §2907.06(A)(1) for a sexual imposition. The Court stated the statute regarding presumptively registration exempt offenses was repealed January 1, 2008.

{¶7} The section of 2007 Ohio Senate Bill 10, which the Defendant quoted in his Motion, was deleted in the Senate Bill. The Senate Bill was enacted in 2007. The Defendant's offense occurred on or about February 11, 2009. The Defendant's arguments are moot as they were previously ruled on April 24, 2015.

{¶8} Appellant now raises the following assignment of error on appeal:

{¶9} THE TRIAL COURT ERRED AS A MATTER OF LAW BY NOT FINDING APPELLANT'S SENTENCE TO BE VOID, AS HE WAS SENTENCED TO REGISTER

AS A SEX OFFENDER WHEN HIS CONVICTION WAS FOR A PRESUMTIVELY (SIC) REGISTRATION-EXEMPT OFFENSE. THE TRIAL COURT ACCORINGLY (SIC) ERRED AS A MATTER OF LAW BY NOT CONDUCTING A NEW SENTENCING HEARING.

I

{¶10} Appellant, in his sole assignment of error, argues that the trial court erred by not finding appellant's sentence to be void because under _____ sexual imposition is a preemptively registration offense and the trial court failed to make findings to.

{¶11} As is stated above, appellant's offense _____ in 2009 and appellant was sentenced in 2010. Appellant, in his brief, relies on R.C. 2950.01(P)(1) and (P)(2). As noted by appellee and the trial court, R.C. 2950.01 was amended by 2007 Ohio S.B. 10.  2007 Ohio S.B. 10 was signed on June 30, 2007 with an effective date of January 1, 2008. The sections on which appellant relies were amended by the same and the provisions making an offender who committed a violation of R.C. 2907.06 presumptively registration exempt were repealed. In addition, R.C. 2950.021, upon which appellant also relies, was repealed by S.B. 10.

{¶12} Under 2007 Ohio SB 10, a person convicted of a violation of R.C. 2907.06(A)(3) is a sexually oriented offender under R.C. 2950.01(A)(1) and is to be classified as a Tier I sex offender under R.C. 2950.01(E)(1)(a). (ADD)

{¶13} Appellant's sole assignment of error is, therefore, overruled.

{¶14} Accordingly, the judgment of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Gwin, P.J. and

Farmer, J. concur.